**SO ORDERED.**

**SIGNED this 30 day of April, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

SHARYL R. HIGHSMITH,

    DEBTOR.                                        CASE NO. 07-04693-8-JRL

_____

**ORDER**

This case is before the court on a motion by 21st Mortgage Corporation objecting to the valuation of its collateral listed in Sharyl R. Highsmith's ("debtor") chapter 13 plan. On April 23, 2008, the court conducted a hearing on this matter in Wilmington, North Carolina.

On March 19, 2005, the debtor purchased a 1998 Central mobile home for $26,650.00. The debtor financed $19,241.00 of the purchase price pursuant to a retail installment contract. 21st Mortgage Corporation is the owner and holder of that contract. Debtor filed a chapter 13 petition on December 11, 2007. 21st Mortgage Corporation filed a proof of claim listing a payoff of $17,790.35. The debtor's chapter 13 plan values and provides for payment of the mobile home in the amount of $10,712.00, with the remaining balance treated as unsecured. 21st Mortgage Corporation objects to this valuation on the basis that the current N.A.D.A. lists the market value of the mobile home at $13,500.00. In addition, 21st Mortgage Corporation objects because the

debtor's mobile home is not presently insured.

At the April 23, 2008 hearing, the debtor argued that her mobile home is worth less than the N.A.D.A. value due to numerous major defects in the mobile home. Specifically, the debtor testified that the home leaks during heavy rains, mildew has settled in the bedroom and kitchen, the kitchen counters have separated approximately two inches from the counter, the kitchen cabinets are swelling and are water-stained, air conditioning vents covers are missing, and the home does not have underpinning. The debtor also introduced photographs documenting these defects. The debtor has not received repair estimates, but her plan's valuation of the mobile home reflects what she believes are reasonable repair costs.

Based on the evidence presented during the April 23, 2008 hearing, the court accepts the valuation of the mobile home as proposed by the debtor. The N.A.D.A. value of the mobile home does not accurately reflect the diminution of the mobile home's market value based on the many defects described by the debtor. With respect to the lack of insurance on the mobile home, the court directs the debtor to obtain insurance within sixty (60) days of the hearing date and to provide evidence of the insurance to 21st Century Mortgage Corporation's counsel within that time period.

"**END OF DOCUMENT**"